**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **JULIO SEVERINO BATISTA,** *Petitioner,* v. **UNITED STATES OF AMERICA,** *Respondent.* | **CIVIL NO. 20-1052 (DRD)** **(Related to Crim. No. 09-107-05 (DRD)** |

**OPINION AND ORDER**

Pending before the Court is Julio Severino Batista's ("Petitioner" or "Severino") *Pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody* in Criminal Case No. 09-107-05. *See* (D.E. No. 1). Respondent, the United States of America (hereinafter, the "Government") duly filed a *Response in Opposition* thereto. *See* (D.E. No. 6). A supplemental motion to vacate was subsequently filed by the Petitioner including new claims for ineffective assistance of counsel. See (D.E. No. 19).

For the reasons stated herein, the Court **DENIES** Petitioner's *Motion to Vacate Under 28 U.S.C. § 2255* (D.E. No. 1).

## I.  BACKGROUND

In 2009 the Petitioner was charged with a Two-Count Indictment for, conspiracy to possess with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (hereinafter, "Count One"); and conspiracy to import a controlled substance, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), and 963 (hereinafter, "Count Two"). Upon going to trial, a jury found the Petitioner guilty as to both counts of the *Indictment.* Accordingly, the Petitioner was sentenced to 192 months of imprisonment as to each count to be served concurrently. *See* D.E. No. 434 in Rel. Crim. No. 09-107-5 (DRD). The Petitioner moved for appeal essentially challenging the

Court's application of a two-level enhancement under the United States Sentencing Guideline § 2D1.1(b)(1) with regards to the foreseeable presence of a firearm during the drug offense. The First Circuit affirmed Severino Batista's conviction but remanded the case so that the Court could consider whether a sentence reduction in accordance with Amendment 782 was warranted. *See* D.E. No. 495 in Rel. Crim. No. 07-107-5 (DRD). Almost five (5) years later, the Petitioner filed the motion to vacate his sentence pursuant to 28 U.S.C. § 2255 that is currently pending, in light of *United States v. Davis*, 139 U.S. 2319 (2019). *See* D. E. No. 1. In 2020, the government opposed arguing that *Davis* is inapplicable as the Petitioner was not convicted for a firearm offense under 18 U.S.C. § 924(c), (D. E No. 6).

The Petitioner then filed a supplemental motion raising for the first-time claims of an alleged ineffective assistance of counsel. (D. E No. 19). A proper analysis of the parties' motions requires careful scrutiny of the underlying legal framework.

## II.     STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a federal prisoner may prevail in a petition to vacate, set aside, or correct his sentence by showing that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." However, "[r]elief under [§ 2255] is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013) (citations omitted); s*ee Knight v. United States*, 37 F.3d 769, 772-73 (1st Cir. 1994).

a. *§ 2255 Statute of Limitations:*

Cases arising under 28 U.S.C. § 2255 have a one-year statute of limitations, which runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In 2010, the U.S. Supreme Court held in *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010), that the statute of limitations period under a similar AEDPA provision, 28 U.S.C. § 2244(d), applicable to federal habeas petitions filed by prisoners in state custody, is subject to equitable tolling under certain circumstances. *Holland*, 130 S. Ct. at 2560. Following the *Holland* decision as well as ten other circuit courts of appeals, the First Circuit recently held that the "one-year limitations period [in §2255 cases] is subject to equitable tolling in appropriate instances." *Ramos-Martínez v. United States*, 638 F.3d 315, 322 (1st Cir. 2011).

To gain the benefit of the equitable tolling doctrine, the petitioner must show "'(1) that he/she has been pursuing his/her rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S. Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see Trapp v. Spencer*, 479 F.3d 53, 61 (1st Cir. 2007) (listing additional factors that may influence whether or not to grant equitable tolling). Binding

3

First Circuit precedent holds that "that equitable tolling is available only in cases in which circumstances beyond the litigant's control have prevented [him] from promptly filing." *Ramos-Martínez*, 638 F.3d at 322 (1st Cir. 2011)(internal citations and quotations omitted); *see also Neverson v. Farquharson*, 366 F.3d 32, 42 (1st Cir. 2004)("To preserve the usefulness of statutes of limitations as rules of law, equitable tolling should be invoked only 'sparingly.'")(quoting *Irwin v. Dep't of Vet. Affairs*, 498 U.S. 89, 96 (1990)).

    b. *Ineffective Assistance of Counsel Before the District Court*

In order to succeed on a claim of ineffective assistance of counsel under 28 U.S.C. § 2255, Petitioner has the burden of showing that (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different. *Padilla v. Kentucky*, 559 U.S. 356, 366 (2010) (quoting *Strickland v. Washington,* 466, U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)); *see Argencourt v. United States*, 78 F.3d 14, 16 (1st Cir. 1996); *Scarpa v. Dubois*, 38 F.3d 1, 8 (1st Cir. 1994); *Lema*, 987 F.2d at 51; *López-Nieves v. United States*, 917 F.2d 645, 648 (1st Cir. 1990) (citing *Strickland*, 466 U.S. at 687). "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). However, it is well recognized that "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690.

There is no doubt that *Strickland* also applies to representations outside of the trial setting, which include plea bargains, sentence and appeal. *See Missouri v. Frye*, 132 S. Ct. 1399, 1408-10, 182 L. Ed. 2d 379 (2012); *Lafler v. Cooper*, 132 S. Ct. 1376, 182 L. Ed. 2d 398 (2012); *Hill v.*

4

*Lockhart*, 474 U.S. 52, 57 (1985); *Bonneau v. United States*, 961 F.2d 17, 20-22 (1st Cir. 1992); *United States v. Tajeddini*, 945 F.2d 458, 468-69 (1st Cir. 1991)(abrogated on other grounds by *Roe v. Flores-Ortega*, 528 U.S. 470 (2000)); cf. *Panzardi-Álvarez v. United States*, 879 F.2d 975, 982 (1st Cir. 1989); *López-Torres v. United States*, 876 F.2d 4, 5 (1st Cir. 1989) (abrogated on other grounds by *Bonneau v. United States*, 961 F.2d 17 (1st Cir. 1992)).

In order to satisfy the second prong of the *Strickland* test in the context of a guilty plea, the petitioner must "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." See *Hill*, 474 U.S. at 59. However, as to presentence waivers of appellate rights, the First Circuit explains that:

> [P]resentence waivers of appellate rights are enforceable if they meet certain criteria. *United States v. Teeter*, 257 F.3d 14, 23 (1st Cir. 2001). First, we require that the defendant enter into the waiver "knowingly and voluntarily." *Id*. at 24–25; accord *United States v. Torres–Oliveras*, 583 F.3d 37, 40 (1st Cir.2009). In examining whether the defendant knowingly and voluntarily waived his appellate rights, the text of the written plea agreement and the change-of-plea colloquy are of critical importance. *Teeter*, 257 F.3d at 24. We evaluate whether the written plea agreement "contains a clear statement elucidating the waiver and delineating its scope," and whether the district court "inquire[d] specifically at the change-of-plea hearing into any waiver of appellate rights," as required by Rule 11(b)(1)(N). *Id.* Second, even if the waiver is knowing and voluntary, we retain discretion not to enforce the waiver if it would result in a "miscarriage of justice." *Id*. at 25; accord *United States v. Torres–Oliveras*, 583 F.3d 37, 42 (1st Cir. 2009).

*Sotirion v. United States*, 617 F.3d 27, 33 (1st Cir. 2010).

The First Circuit has concluded that "plea-agreement waivers of the right to appeal from imposed sentences are presumptively valid (if knowing and voluntary), but are subject to a general exception under which the court of appeals retains inherent power to relieve the defendant of the waiver, albeit on the terms that are just to the government, where a miscarriage of justice occurs." *Id.* It further stressed that such exception "will be applied sparingly and without undue generosity." *Id.* at 26.

5

Moreover, "[w]hen mulling whether a miscarriage of justice is in prospect, we consider, among other things, the clarity of the alleged error, its character and gravity, its impact on the defendant, any possible prejudice to the government, and the extent to which the defendant acquiesced in the result." *United States v. Gil-Quezada*, 445 F.3d 33, 37 (1st Cir. 2006).

### c. *United States v. Davis, 139 U.S. 2319 (2019)*

In *Davis*, the Supreme Court held that the § 924(c)'s residual clause, which defined a crime of violence as "that by its nature, involv[ing] a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," . . . "provides no reliable way to determine which offenses qualify as crimes of violence and thus is unconstitutionally vague". *Davis*, 139 S. Ct. at 2324.

Yet, the Supreme Court only invalidated the residual clause of § 924(c) in *Davis*. Therefore, the force clause applies. Section § 924(c) defines a crime of violence under the force clause as "an offense that is a felony and has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A).

### III.     DISSCUSION

The instant case, Severino's *Judgment* became final and unappealable on February 19, 2015, once the First Circuit affirmed the Petitioner's conviction. *See* D.E. No. 495.  The § 2255 one-year statute of limitations was imposed by Congress in order to deter parties from unwarranted delays and abuses of the writ of habeas corpus as stated in *Dunlap v. United States*, 250 F.3d 1001, 1006 (6th Cir. 2001) ("[T]he purpose underlying the one-year limitation period, to curb undue delays and abuses of the writ of habeas corpus, is served by a statute of limitations. Because the statute of limitations can only be tolled in certain limited circumstances, equitable tolling would

not undermine the statute's purpose to curb undue delays and abuses.") The one-year statute of limitations to file a § 2255 Petition began to accrue once the First Circuit's decision became final. Nonetheless, the Petitioner's motion claiming ineffective assistance of counsel was filed 5 years later.

Likewise, equitable tolling is only available when the claimant has vigorously and diligently pursued his judicial remedies. "It is the petitioner's burden to demonstrate to a court why the circumstances of his case justify equitable tolling of the limitations period." *See Holmes v. Spencer*, 685 F.3d 51, 62 (1st Cir. 2012). As established in *Jurado v. Burt*," 337 F.3d 638, 640 (6th Cir. 2003) "[e]quittable tolling is allowed in situations where a claimant has actively pursued his judicial remedies." The petitioner carries the heavy burden of proving a compelling reason as to why equitable tolling applies to his case *"*[t]he petitioner has the burden of showing that he is entitled to federal habeas relief." *Davis v. United States*, 134 F.3d 470, 474 (1st Cir. 1998). Without extraordinary exception on why the statute of limitations should be tolled, or successfully proving that a remedy is warranted under *Davis*, the Court cannot allow an untimely filing. The Court's power to invoke equitable tolling must be exercised on a "case-by-case basis." *Riva v. Ficco*, 615 F.3d 35, 39 (1st Cir. 2010) (quoting *Holland*, 560 U.S. at 650). Even in a case-by-case basis it is essential that for said tolling to occur it must be justified to receive such remedies. When arguments are not presented as to the exception that applies let alone even if its justified, the Court sees no reason as to why such remedy is to be granted let alone entertained. "The court is generally much less forgiving where the claimant failed to exercise due diligence in preserving his legal rights." *Jurado*, 337 F.3d at 640.

Lastly, the Court sees no reason as to why an argument based on *Davis*, 139 S. Ct. was raised as the Petitioner was never convicted for a firearm offense under § 924(c). Therefore, *Davis*

7

holds no bearing to Severino-Batista's conviction. Hence, the Court hereby **DENIES** Petitioner, Julio Severino Batista's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody* in Criminal Case No. 09-107-5 (DRD) (D.E. 19).

## IV.     CONCLUSION

For the reasons elucidated above, the Court determines that Petitioner, Julio Severino Batista's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody* in Criminal Case No. 09-107-5 (DRD) (D.E. 19) is meritless and, hence, must be **DENIED.** Judgment of dismissal is to be entered accordingly.

It is further ordered that no certificate of appealability should be issued in the event that Petitioner filed a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 8th day of March, 2023.

*S/Daniel R. Domínguez*
Daniel R. Domínguez
United States District Judge